ALCOLAC, INC., Plaintiff,

v.

David A. WAGONER, Director of Air & Waste Management Div., Region VII; David R. Tripp, Regional Counsel: Rowena L. Michaels, Freedom of Information Officer, Region VII; United States Environmental Protection Agency, Defendants.

No. 84–0827–CV–W–5.

United States District Court, W.D. Missouri, W.D.

May 28, 1985.

Alvin Shapiro, Kansas City, Mo., H. Gregory Skidmore, Carscaden, Gilchrist & Getty, Cumberland, Md., for plaintiff.

Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Plaintiff has filed a complaint in this Court seeking "judicial review" of a final administrative decision of the Environmental Protection Agency (EPA) denying confidentiality to documents submitted to the EPA. Plaintiff maintains the EPA's refusal to declare said documents confidential is arbitrary, capricious, and an abuse of discretion. Plaintiff's complaint seeks declaratory and injunctive relief, and further maintains that disclosure of this information would violate 18 U.S.C. § 1905 (Trade Secrets Act).

This action now pends on cross-motions for summary judgment. The facts material to this Court's review of the EPA confidentiality determination are not in dispute. Indeed, the determination was (necessarily) made upon facts submitted to the agency by plaintiff's attorney. For the following reasons, the Court will grant defendants' motion for summary judgment.

## Background

Alcolac is a Maryland corporation organized and existing under the laws of Maryland, with a principal place of business therein. Alcolac maintains and operates manufacturing facilities for the production and sale of specialty chemical products in Sedalia, Missouri. Defendants are all employed by the United States Environmental Protection Agency, which is also a named defendant.

As part of a request for a hazardous waste facility permit, filed under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 et seq., plaintiff was required to complete and return to the EPA a "Part B" application. In making said application, however, plaintiff asserted a claim of business confidentiality by marking portions of the application "company confidential." See 40 C.F.R. § 2.203(b). Such a claim, if sustained, protects the application or information contained therein from disclosure under the Freedom of Information Act (FOIA). See 5 U.S.C. § 552(b)(4). Plaintiff's application was also the subject of a FOIA request filed by Kansas City attorney Charles W. Fairchild. The release was denied pending resolution of the confidentiality claim, See 40 C.F.R. § 2.204(d)(1)(ii). The FOIA request, however, has since been withdrawn.[1]

---

1. The withdrawal of the FOIA request has little, if any, effect on the justiciability of this dispute, or the propriety of the EPA's confidentiality determination. It was the confidentiality claim

A business submitting information to the Environmental Protection Agency may assert a claim of business confidentiality in order to prevent disclosure of the information. The EPA may also be forced to determine the entitlement to such a privilege in a number of other circumstances: (1) in response to a FOIA request, (2) by claim of the submitting party, or (3) by the agency's own initiative in certain situations. *See* 40 C.F.R. 2.203(b). Placing on, or attaching to, the information a coversheet stamped "trade secret" or "company confidential," raises the claim of confidentiality. 40 C.F.R. § 2.203(b).

Although the EPA makes a preliminary determination as to the propriety of the confidentiality claim, the affected business must be given the opportunity to submit comments in support of their claim. 40 C.F.R. § 2.204(d)(1)(i). The EPA must, and indeed did in the instant case, forward a specific request for comment to the proponent of the confidentiality claim. The notice solicits comment on a number of issues designed to determine the propriety of the request.[2] 40 C.F.R. § 2.2024(e)(4). After receiving the affected business' comments, the EPA determines the validity of the claim. The information is determined confidential if, after assertion of such a claim, the affected business satisfies the EPA that reasonable measures have been taken and will continue to be taken to protect the confidentiality of the information; and the

information is not and has not been reasonably obtainable by other persons without the business' consent or by use of legitimate means; and that no statute requires disclosure. Finally, the affected business must convince the EPA that disclosure is likely to cause harm to their competitive position, or if the disclosure was voluntary that public disclosure will impair the government's ability to obtain such information in the future. A business claiming confidentiality must meet each of the above requirements to qualify the information for confidential treatment. See 40 C.F.R. § 2.208. Failure to make the required showing on any criteria results in denial of the confidentiality claim.

The EPA's determination regarding the confidential treatment of the information herein is a final administrative determination, see 40 C.F.R. § 2.205, thus subject to review by this Court. See 5 U.S.C. § 702.

### Facts

In returning their "Part B" application to the EPA, Alcolac claimed certain portions of the material to be "company confidential," thus requesting that the EPA withhold the information from public disclosure. Correspondence was exchanged and the EPA solicited from Alcolac details of their confidentiality claim, specifically requesting Alcolac to reveal how long they desired confidential treatment for the material,

---

asserted by Alcolac in their RCRA application that necessitated and initiated the EPA confidentiality determination, not the FOIA request. *See* 40 C.F.R. § 2.203(b). The filing, or withdrawal, of a FOIA request has no effect on the EPA's authority to make this determination in the face of Alcolac's initial claim of confidentiality.

**2.** The written notice invites the business's comments on the following points:
(1) which portions of the information are alleged to be entitled to confidential treatment;
(2) the period of time for which confidential treatment is desired;
(3) the purpose for which the information was furnished to EPA;
(4) whether the confidentiality claim was raised at the time the information was submitted to the EPA;
(5) measures taken to guard against undesired disclosure;

(6) the extent to which, and with what restrictions, the information has been disclosed to others;
(7) previous confidentiality determinations made by other federal agencies;
(8) whether disclosure would have substantial harmful effects on the claimant's competitive position, and if so, what those harmful effects would be, why they are substantial and the causal relationship between disclosure and harmful effects.
(9) If the information was voluntarily submitted, whether disclosure would lessen the availability to the EPA of similar information in the future.
*See* 40 C.F.R. § 2.205(e)(4). Notice of this nature, and of likewise specificity was sent to Alcolac by the EPA on March 25, 1983, and February 2, 1984.

measures they had taken to guard against undesired disclosure of the information, the extent to which disclosure had already occurred and precautions taken in this regard, whether any previous confidentiality determination had been made by any other federal agencies and, finally, if and how disclosure would have a substantial harmful effect on Alcolac's competitive market position.

Alcolac's attorney submitted their contentions by way of a letter, dated February 20, 1984. The fourteen-page response endeavored to provide the EPA with the "information on which Alcolac bottoms its confidentiality claim," and to comprehensively "bring forward Alcolac's position on confidentiality," so that previous correspondence need not be reviewed.

After reviewing the administrative record, the EPA Regional Counsel, David Tripp, denied Alcolac's claim of confidentiality. His findings and conclusions are before this Court and the focus of plaintiff's complaint.

### Standard of Review

■ Judicial review of final administrative action is available except where precluded by statute or where agency action is committed to agency discretion by law. 5 U.S.C. § 701(A)(1)(2). In this case, there is no indication that Congress sought to prohibit judicial review. *Cf. Abbott Laboratories v. Gardner*, 387 U.S. 1507, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). Likewise, the administrative decision does not fall within the narrow exception for action "committed to agency discretion by law." This is most definitely not a case where the statutes and regulations are drawn in such broad terms that there is no law to apply. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 820–21, 28 L.Ed.2d 136 (1971).

The standard by which this Court must review the EPA decision, as plaintiff acknowledges, is a narrow one. Section 706 of the Administrative Procedure Act, 5 U.S.C. § 551 et seq., provides that a reviewing court shall hold unlawful and set aside agency action, findings, and conclu-

sions, found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

■ The Court does not review the EPA denial of confidentiality de novo, nor does the agency action have ultimately to meet the substantial evidence test, however, the generally applicable standards of § 706 of the APA require this Court to engage in substantial inquiry. *Citizens to Preserve Overton Park, Inc., supra*, 91 S.Ct. at 823. The EPA decision is entitled to a presumption of regularity, however, that presumption does not sanction a "rubber-stamp" by this Court of the agency's action. *Id.* In order to uphold the agency's exercise of discretion, this Court must determine that the agency acted within the scope of their authority and the Court must ensure that the decision made was based on a consideration of relevant factors, and not a clear error of judgment. This review is limited however; this Court is not empowered to substitute its judgment for that of the agency's. *Citizens to Preserve Overton Park, Inc., supra*, 91 S.Ct. at 824.

### Opinion

■ Alcolac's confidentiality claim basically centers around three types of information contained in the application submitted to the EPA. Alcolac claims confidentiality as to the disclosure of products produced on site, particularly disclosure of their specific product names. Second, Alcolac requests confidentiality for documents disclosing employee names, and organizational charts. Finally, Alcolac seeks confidentiality for a number of documents derived from an environmental design study done for Alcolac by Wapora, Inc.

That the EPA acted within their statutory authority is clear enough, and in fact plaintiff's motion for summary judgment seems to indicate that they take no issue with the statutory ability of the EPA to determine the confidentiality of the documents. The Code of Federal Regulations allows a business to raise the confidentiality claim, and requires the EPA to make

that determination. Procedure and substantive criteria provided by Federal Regulation were clearly used by the agency in this case.

Plaintiff's complaint necessarily maintains then that the EPA's decision was not based on a consideration of relevant factors, or was the result of a clear error of judgment. The decision must be upheld, however, if this Court finds a rational connection between the facts found by the agency and the choices made. *Erickson Transport Corp. v. ICC*, 728 F.2d 1057 at 1062 (8th Cir.1984); *Bowman Transportation, Inc. v. Arkansas Best Freight System, Inc.*, 419 U.S. 281, 285–86, 95 S.Ct. 438, 441–42, 42 L.Ed.2d 447 (1974).

As mentioned previously, the EPA makes the confidentiality determination in accordance with substantive criteria provided by 40 C.F.R. § 2.208. The decision is made after reviewing claimant's response to a rather specific EPA notice and request for information highlighting the facts and contentions that the agency will base their decision on. EPA Regional Counsel, David R. Tripp, denied confidentiality after reviewing Alcolac's letter of February 20, in light of the substantive criteria outlined in 40 C.F.R. § 2.208. For the following reasons, this Court finds the choices made to be rational given the facts found, and as no clear error of judgment was made, the agency's determination will not be disturbed.

The majority of plaintiff's claim concerns disclosure of information derived from the Wapora study. The plot-plan, effluent treatment system documents and environmental checklist are all derived from or contained in the "Environmental Control System Operating Manual—Alcolac, Inc.," which Wapora prepared for Alcolac as part of a design study. The study was used in the construction of the plant and contains specifications and conceptual design information concerning the plant. A substantial amount of money was spent on the study as part of the design and construction of the plant.

The EPA concluded that the plot-plan submitted as part of the application was not entitled to confidentiality because Alcolac failed to make a satisfactory showing that it had taken reasonable measures to protect the confidentiality of the information and that the information was not obtainable by other legitimate means without Alcolac's consent. These conclusions are rational in that the EPA found that a photograph in the Sunday, September 13, 1983, *Kansas City Star* depicted a substantial portion of the operating machinery and physical layout of the facility, revealing at least a portion of the same layout depicted by the plot-plan. Moreover, the EPA found that much of the information represented in the overhead plot-plan is based on commercially available information. Operating manuals for commercial components of the Alcolac facility are freely available to competitors. As a derivative of the design study, portions of which are commercially and publicly available, the plot-plan cannot be properly considered confidential. The EPA also based its conclusions on Alcolac's failure to support their claim that the study was unique or proprietary beyond the fact that it was purchased and may involve state of the art concepts. Moreover, the Court notes that it is not the plan itself that is subject to disclosure, merely information contained therein or derived therefrom.

Another portion of the application described an "Effluent Treatment System" maintained and operated on the Alcolac facility. Again, this information is representative of portions of the design study. The EPA concluded that insofar as Alcolac had made no attempt to protect its confidentiality and as much of the information was reasonably and legitimately available elsewhere, it was not entitled to confidential treatment. That conclusion is reasonable in that the EPA determined information contained in the Wapora study consists in large part of the operating manuals of various commercial suppliers of pollution control equipment, information presumptively available to Alcolac's competitors or the public. The EPA denied confidentiality

to the effluent treatment system design information after finding Alcolac had submitted no additional information regarding the proprietary or unique characteristics of the design nor had they offered direct evidence of harm that would befall Alcolac by reason of the disclosure.

Finally, in regards to information derived from the Wapora study, the EPA denied confidentiality to an "environmental checklist" concluding for most of the same reasons described above. Alcolac had failed to show reasonable steps were taken to protect the confidentiality of the information, and concluding the information could be reasonably obtained elsewhere without the business' consent, the EPA denied confidentiality. Again, these conclusions are rational given the facts found. The information in large part is commercially available, as many of the component operating manuals are available to the public. Moreover, Alcolac failed to show that Wapora had not used common features of the design study in other environmental pollution control applications.

Alcolac raised a claim of confidentiality for portions of the application containing employees' names and corporate organizational charts. Alcolac maintained that the information was voluntarily submitted and disclosure would result in a reluctance to disclose such information in the future. The EPA denied confidentiality, noting that the information was not voluntarily submitted and could have otherwise been obtained from information previously submitted to the Missouri Department of Natural Resources. See 42 U.S.C. § 9601. Thus, given the basis of the confidentiality claim, the denial was proper.

Finally, the remaining portions of the confidentiality claim concern disclosure of certain product names contained in the RCRA application. Alcolac desired confidential treatment for documents disclosing or containing trade and/or generic names of products produced at the plant. The EPA conclusion that Alcolac had failed to establish disclosure would be harmful to its competitive position is rational in that the EPA found no support for Alcolac's claim that any or all products manufactured or treated at the facility were done so secretly. Moreover, the EPA discounted Alcolac's claim that disclosure of waste characteristics of the products would result in substantial harm to Alcolac's competitive position. Alcolac's claim that disclosure would give competition the ability to back calculate or ascertain from a waste stream the composition of manufactured end products was neither established nor supported by Alcolac's response. Thus, the EPA conclusion that no competitive harm would result is rational given the basis of Alcolac's claim of confidentiality.

Therefore, for the above reasons, it is hereby

ORDERED that the EPA's confidentiality determination is neither arbitrary, capricious, nor an abuse of discretion, and as such defendants' motion for summary judgment is sustained.